## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **DEBORAH PARKER and**<br>**DONALD PARKER** | §<br>§<br>§ | |
| **Plaintiff,** | §<br>§ | **1:07-CV-338-SS** |
| **vs.**<br>**KEYBANK, N.A.**<br>**Defendant.** | §<br>§<br>§<br>§ | |

### AFFIDAVIT OF CASSIDY EMERSON IN SUPPORT OF
### MOTION OF KEYBANK, N.A. FOR SUMMARY JUDGMENT

BEFORE ME the undersigned authority in and for the State of Ohio, on this day personally appeared Cassidy Emerson who, after being by me duly sworn, testifies as follows:

"My name is Cassidy Emerson. I am over the age of 18 years. I have never been convicted of a felony. I am of sound mind and fully competent to make this Affidavit. The facts stated in this affidavit are based upon my personal knowledge as an employee of KeyBank, N.A. serving in the capacity of Section Manager, Credit Research KeyBank, N.A. The facts as set forth herein are each true and correct.

A.    My employment

"1.    I am an employee of KeyBank, N.A. ("KEY"). I am employed with KEY in the capacity of Section Manager, Credit Research for that institution. My office is located in Cleveland, Ohio. I have been employed as a Section Manger, Credit Research for KEY for approximately 4 years.

**Exhibit "C"**

2.    I am one of the managers of the Credit Research department for KEY. I
      manage 9 associates, 4 of which are KEY Credit Research Department
      employees. The Credit Research department is charged with various
      duties, including the following activities related to consumer customer credit
      disputes which are governed by the Federal Fair Credit Reporting Act:

      a.    implementation of the policies and procedures employed by KEY for
            the management of information provided to Credit Reporting Agencies
            (hereinafter "CRAs") for trade line reporting by KEY;

      b.    investigation and review of matters relevant to the accuracy and
            propriety of the trade line reporting for KEY consumer customers;

      c.    management of consumer customer credit disputes;

      d.    receipt of customer credit disputes;

      e.    assign the investigation of bankruptcy related information to KEY
            collections personnel for verification of whether customers have filed
            for bankruptcy relief and/or obtained a discharge in bankruptcy -
            verification is accomplished through a review of the federal PACER
            filing system;

      f.    re-investigation of customer credit disputes upon notice from CRAs;
            and

      g.    reporting to CRAs regarding consumer customer credit disputes.

3.    I have access to and utilize in the furtherance of my job duties, all records of
      KEY regarding its consumer customers including debt instruments, payment

records, credit disputes, and credit reporting disputes.

4.     I have access to and utilize in the furtherance of my job duties such third party records as may assist in the investigation and review of consumer customer credit disputes, including but not limited to the e-OSCAR system." The e-OSCAR system is an internet based system developed by Equifax, Experian, Innovis and TransUnion to provide an on-line solution for processing credit dispute verifications. "e-OSCAR" means "electronic Online Solution for Complete Accurate Reporting". The e-OSCAR website is located at http://e-OSCAR.org. KEY regularly and systematically utilizes the e-OSCAR system for the management of consumer credit reporting disputes. KEY utilized the e-OSCAR system in managing the consumer credit reporting disputes lodged by Donald Parker and Deborah Parker.

B.    The Documents:

"5.   I am personally familiar with the business records maintained by KEY in connection with the home improvement loan identified as Account Number 3211019966662 (hereinafter the "Account"), the electronic and paper records maintained by KEY in connection with the management and administration of the consumer customer credit dispute which is made the subject of this lawsuit, and the policies, procedures and guidelines used by KEY personnel in connection with consumer credit reporting disputes, including the Parker Account disputes I have personally reviewed each of these records and personally provided each of these records to counsel for

KEY. These records consist of 527 pages. The originals of each of these documents are maintained KEY These documents include both the Consumer Credit Research - Credit Bureau Dispute Procedures of KEY and the Metro 2 Format Credit Reporting Resource Guide ©2007.

6. True and accurate copies of the originals of the documents evidencing the Parker Account, consisting of 12 total pages, which evidence the credit relationship between KEY, as lender, and Donald Parker and Deborah Parker, as borrowers, are attached hereto and incorporated herein as if set forth word for word:

  i. Promissory Note dated January 19, 2004 (bates numbered KEYBANK 047 -050)

  ii. Contract For Improvements With Deed of Trust And Power of Sale (bates numbered KEYBANK 051 -058)

7. True and accurate copies of the originals of the documents evidencing the electronic and paper records of disputes relating to the Account maintained by KEY in connection with the management and administration of the Account, consisting of 19 total pages, are attached hereto and incorporated herein as if set forth word for word:

Dispute by Deborah Parker:

- February 13, 2006 (KEYBANK 017-018) - February 14, 2006 (KEYBANK 014)
- April 11, 2006 ( KEYBANK 011 and 007 - 008) - April 20, 2006 (KEYBANK 012)
- February 21, 2006 (KEYBANK 520) - February 22, 2006 (KEYBANK 520)

- January 31, 2007 (KEYBANK 523) - February 1, 2007 (KEYBANK 523)
- February 9, 2007 (KEYBANK 525) - February 22, 2007 (KEYBANK 525)
- August 29, 2007 (KEYBANK 526 - 527) - September 10, 2007 (KEYBANK 526 - 527)

Dispute by Donald Parker:

- April 11, 2006 ( KEYBANK 011 and 009 - 010) - April 20, 2006 (KEYBANK 009 - 010, 012, 013, 015)
- February 21, 2006 (KEYBANK 521) - February 22, 2006 (KEYBANK 521)
- January 31, 2007 (KEYBANK 522) - February 1, 2007 (KEYBANK 522)
- February 9, 2007 (KEYBANK 524) - February 22, 2007 (KEYBANK 524).

8. True and accurate copies of the originals of the documents evidencing the electronic data provided by KEY to the CRAs to which KEY reports, consisting of 69 total pages, are attached hereto and incorporated herein as if set forth word for word and are evidenced by documents bearing Bates Numbers KEYBANK 212 - 281 (hereinafter the "Raw Data"). The Raw Data is reported to the CRAs in accordance with the Metro 2 Format.

C. **The Method and Manner of Reporting by KEY of Credit on a Consumer Customer, Including the Parker Account**

9. KEY investigates consumer credit reporting disputes in accordance with policies and procedures implemented by KEY and identified as the "Consumer Credit Research - Credit Bureau Dispute Procedures" (hereinafter the "KEY Dispute Policies"). KEY reports information to CRAs in accordance with the guidelines established by the Metro 2 Format Task Force and detailed in the Credit Reporting Resource Guide © 2007

(hereinafter the "Metro 2 Format")  All information exchanged between KEY and the CRAs regarding consumer credit reporting disputes is transmitted electronically through the e-OSCAR-web® AUD process.  The reporting for the period December 1, 2004  through September 27, 2007 is represented by KEYBANK 212 through KEYBANK 281. Credit information is transmitted periodically to the CRAs  by KEY depending upon the nature of the credit The information reported by KEY to the CRAs on the Account is transmitted monthly and is updated as applicable on a monthly basis to reflect the activity in the account.

C.    The Credit Reporting Dispute By The Parkers:

"10.    KEY received 6 notifications of consumer customer credit reporting disputes regarding Deborah Parker, 2  by mail and 4 via e-OSCAR  The mailed notice are dated Febraury 13, 2006 (from Deborah Parker - see KEYBANK 017 - 018) and April 11, 2006 (from Gray Jolink - See KEYBANK 011 and 007 - 008).  The e-OSCAR notifications are dated February 21, 2006 (KEYBANK 520), January 31, 2007 (KEYBANK 523), February 9, 2007 (KEYBANK 525) and August 29, 2007 (KEYBANK 526 - 527).  KEY responded to each of the dispute notifications as follows:

- February 13, 2006 (KEYBANK 017-018) - February 14, 2006 (KEYBANK 014)
- April 11, 2006 ( KEYBANK 011 and 007 - 008) - April 20, 2006 (KEYBANK  012)
- February 21, 2006 (KEYBANK 520) - February 22, 2006 (KEYBANK 520)
- January 31, 2007 (KEYBANK 523) - February 1, 2007 (KEYBANK 523)

- February 9, 2007 (KEYBANK 525) - February 22, 2007 (KEYBANK 525)
- August 29, 2007 (KEYBANK 526 - 527) - September 10, 2007 (KEYBANK 526 - 527)

11    KEY received 4 notifications of consumer customer credit reporting disputes regarding Donald Parker, 1 by mail and 3 via e-OSCAR. The mailed notices is dated April 11, 2006 (from Gray Jolink - See KEYBANK 011 and 009 - 010). The e-OSCAR notifications are dated February 21, 2006 (KEYBANK 521), January 31, 2007 (KEYBANK 522), and February 9, 2007 (KEYBANK 524). KEY responded to each of the dispute notifications as follows:

- April 11, 2006 ( KEYBANK 011 and 009 - 010) - April 20, 2006 (KEYBANK 009 - 010, 012, 013, 015)
- February 21, 2006 (KEYBANK 521) - February 22, 2006 (KEYBANK 521)
- January 31, 2007 (KEYBANK 522) - February 1, 2007 (KEYBANK 522)
- February 9, 2007 (KEYBANK 524) - February 22, 2007 (KEYBANK 524).

12.   The Parkers' disputes to the CRAs challenge the "account status", the "account history" and "account balance". The Parkers' disputes are each identified on the CRA notifications to KEY at the "Dispute Code" section of the dispute notices.

13.   Pursuant to the requirements of Federal Fair Credit Reporting Act §§611(a)(1) and 623(b)(2) and Chapter 13, page 13-3 of the Credit Reporting Resource Guide, KEY must respond to all consumer credit reporting disputes within 30 days of the date on which the consumer contacts the CRA.

14.   KEY timely responded to each of the consumer credit reporting disputes

regarding the Parker Account relating to Deborah Parker

15.   KEY timely responded to each of the consumer credit reporting disputes regarding the Parker Account relating to Donald Parker.

16.   KEY also responded to Donald and Deborah Parker on April 26, 2006 providing a payment history. (KEYBANK 024-025)

17.   In accordance with the policies and procedures implemented by KEY and the practice in the consumer credit industry, when a CRA notifies KEY of a consumer customer credit reporting dispute that notification is accomplished through the e-OSCAR system. "e-OSCAR" is a web based system of communication utilized by CRAs, furnishers, and consumers. Communications between the CRAs and KEY occurs exclusively through the e-OSCAR system. The web site for e-OSCAR is www.e-oscar-web.net. All of the customer dispute notices from CRAs regarding the Account occurred electronically through the e-OSCAR system.

D.   The Investigation of the Parkers' Credit Reporting Disputes Were Thorough and Reasonable and Complied with the Policies and Procedures of KEY and the Metro 2 Format :

18.   The dispute by the Parkers in this case, per the CRA notices, requires verification of the "account status", "account history" and the "account balance". The procedures for investigating these disputes as mandated by the KEY Dispute Procedures and the Metro 2 Format (detailed at KEYBANK 286 through KEYBANK 288) were followed by KEY personnel.

19.   KEY personnel under my supervision and direction, carefully reviewed the

following in preparing the KEY responses to the Parker credit reporting disputes:

i.      the e-OSCAR web site filings regarding the complaint,

ii.     the records of KEY regarding the payment history and account balance for the Parker Account,

iii     the PACER filing system for Bankruptcy Case No. 04-15172, including the docket sheet to determine that the Account had not been reaffirmed in the Parker Bankruptcy, and

iv.    the actual information reported by KEY to the CRAs for purposes of comparing the information reported to the information found after reviewing the payment history, Parker Account balance and the PACER data on Bankruptcy Case No. 04-15172.

20    Each response by KEY to the CRAs was filed electronically through e-OSCAR. Because of the e-OSCAR system, all CRAs that use the e-OSCAR system, including CSC Credit Services, automatically receive the response of KEY, including each of the CRAs to which KEY specifically reports: Equifax, Experian, Transunion and Innovis.

21.   KEY also contacted the Parkers in response to the various direct communications by the Parkers or their counsel to KEY. Each response was made within 30 days of the receipt of the response."

E.    The Information Reported by KEY was Accurate when Reported

"22.   The Parkers contend that KEY failed to report the monthly payment amount

to the CRAs.   The monthly payment amount pursuant to the Promissory
Note (KEYBANK 048 - 050) is $197.28   The monthly payment amount is
reflected as $197 in the reporting to the CRAs  because the reporting format
does permit the inclusion of cents in the payment field.  Correspondingly, the
actual payment amount is reflected as $197, dropping the 28 cents. The
monthly payment amount is accurately reflected on the Raw Data at pages
KEYBANK 212, 214, 216, 218, 220, 222, 224, 226, 228, 230, 232, 234, 236,
238, 240, 242, 244, 246, 248, 250, 252, 254, 256, 258, 260, 262, 264, 266,
268, 270, 272, 274, 276, 278, 280."

"23.   The Parkers also contend that the date of bankruptcy was inaccurately
reported by KEY   KEY did not report a bankruptcy filing date.  KEY only
reported the existence of the bankruptcy filing.  The reference to the filing of
a bankruptcy proceeding is found in the "Consumer Information Code"
contained on the KEY Raw Data.  The "A" code indicates "Petition for
Chapter 7 Bankruptcy" (KEYBANK 306). This is a universal code used in the
Metro 2 Format and evidenced in the Credit Reporting Resource Guide
©2007.  The "E" code indicates "Discharged through Chapter 7 Bankruptcy"
(KEYBANK 306). This is a universal code used in the Metro 2 Format and
evidenced in the Credit Reporting Resource Guide ©2007.  The bankruptcy
status of the Parkers was reported as  Consumer Information Code "A" for
the months of December 2004 and January 2005 and is found in the Raw
Data at KEYBANK 212 and  214.  The bankruptcy status of the Parkers was

reported as Consumer Information Code "E" from and after February 2005 and is found in the Raw Data at KEYBANK 216, 218, 220, 222, 224, 226, 228, 230, 232, 234, 236, 238, 240, 242, 244, 246, 248, 250, 252, 254, 256, 258, 260, 262, 264, 266, 268, 270, 272, 274, 276, 278, 280.

"24.   The Parkers contend that the Parker Account was not reported by KEY as being current.  The KEY report to each CRA stated, at all times,  that the Parker account was "current". In accordance with the  universal code used in  the Metro 2 Format and evidenced in the Credit Reporting Resource Guide ©2007, a "current" account is reported at the "Account Status" entry as "11".  The reporting by KEY of the Account as "current" is evidenced in the Raw Data at KEYBANK 212, 215, 217, 219, 221, 223, 225, 227, 229, 231, 233, 235, 237, 239, 241, 243, 245, 247, 249, 251, 253, 255, 257, 259, 261, 263, 265, 267, 269, 271, 273, 275, 277, 279, 281 and KEYBANK 306-311).

"25.   The Parkers contend that the balance of the Parker Account was not reported by KEY.  The "balance" entry  is identified in the Raw Data provided to the CRAs as  the "Current Balance".  The "Current Balance" reflects the declining balance reported after the credit of the last payment received prior to the reporting plus any accrued interest.  The reporting of the declining balance by KEY is found in the Raw Data at KEYBANK 213, 215, 217, 219, 221, 223, 225, 227, 229, 231, 233, 235, 237, 239, 241, 243, 245, 247, 249, 251, 253, 255, 257, 259, 261, 263, 265, 267, 269, 271, 273, 275, 277, 279, 281."

"Further affiant sayeth not. "

Signed on this _____ day of _____, 2008.

_____
Cassidy Emerson, Affiant, Section Manager
KeyBank, N.A.

BEFORE ME, the undersigned authority, on this day personally appeared Cassidy Emerson, known to me to be the person whose name is subscribed to the foregoing document and acknowledged to me that the same was the act of said corporation and that she executed the same as the act of such corporation for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___15th___ day of January, 2008.

_____
Notary Public, State of Ohio

MICHAELINE CAPUTO
Notary Public for the State of Ohio
My Commission Expires December 18, 2008

My Commission expires:
_12.23.08_____

Cause No. 1:07-CV-338
Parker v. KeyBank, N.A.
Defendant KeyBank, N.A.'s Motion For Summary Judgment

Affidavit of Cassidy Emerson In Support Of Motion For Summary Judgment